McIlvaine, J.
Is a private right of way over the lands of another, in gross, such an interest or estate in land, as may be cast by descent, or may be assigned by the grantee to one who has no interest in the land? These are the only questions in this case. If such a right be inheritable or assignable, the Court of Common Pleas erred in its charge; otherwise there is no error in the record.
The terms of the deed from Lasley to Logue plainly import an intention to make the right of way therein granted appendant and appurtenant to other lands, but the record does not disclose either the facts or the law given to the jury, whereby it could determine whether or not that intention was accomplished. It simply shows that the jury was instructed that if the right of way granted did not and -could not, under the circumstances, become appurtenant to lands other than those over which it was granted, then it was a mere personal right in the grantee, which could not be inherited from him, or transferred by him to a stranger.
The correctness of this instruction does not depend upon a construction of the deed by which it was grapted, for the terms of the grant are “to Alexander Logue, his heirs and assigns.” The real question is, whether or not a private right of way in gross is, in law, capable of being transferred or transmitted.
It is strongly insisted upon, in argument, that a right of *618 way in gross may be conveyed to the grantee “ and to Ms-heirs and assigns forever,” because an owner in fee may carve out of his estate any interest less than the whole and dispose of the less estate absolutely; and this because the power to dispose of the whole estate includes a power to dispose of any part of it.
This argument assumes the affirmative of the very question in cozitroversy, to wit, that such a right of way is an interest or estate in the land.
A mere naked right to pass and repass over the land of another, a use which excludes all participation in the profits of the land, is not, in any proper sense, an interest or estate in the land itself. Such a right is in its nature personal; it attaches itself to the person of him to whom it is granted, and must die with the person.
If such right be an inheritable estate, how will the heirs take? In severalty, in joint tenancy, coparcenary, or as tenants in common ? If not in severalty, how can their interests be severed ?
If it be assignable, what limit can be placed on the power of alienation? To whom and- to how many may it be transferred? Why not to the public at large, and thus convert into a public way that which was intended to be a private and exclusive way only?
Where the way is appendant or appurtenant to other lands, very different considerations arise. There the right attaches to the lands to which the way is appurtenant, because it is granted for the convenience of their occupation without respect to the ownership or number of occupants. In such case the right of way passes with the dominant estate as an incident thereto. A right of way appendant can not be converted into a way in gross, nor can a way in gross be turned into a way appendant.
A very marked distinction also exists between a way in gross and an easement of profit a prendre; such as the right to enter upon the lands of another, and remove gravel or' other materials therefrom. The latter so far partakes of the nature of an estate in the land itself, as to be treated. *619 as an inheritable and assignable interest. Post v. Pearsall, 22 Wend. 432.
Both upon principle and authority, we think there was-no error in the charge of the court below. Mr. Washburn in his work on Easements, page 8, par. 11, states the law upon this subject as follows: “A man may have a way in gross over another’s land, but it must, from its nature, be a personal right not assignable or inheritable; nor can it be made so by any terms in the grant, any more than a collateral and independent contract can be made to run with the land.” See also Ackroyd v. Smith, 10 C. B. 164; Garrison v. Budd, 19 Ill. 558; Post v. Pearsall, 22 Wend. 432; Woolrych on Ways, 20; 2 Black. Com. 35; 3 Kent’s Com. 420, 512.

Leave refused.